Filed 8/16/24  P. v. Alexander CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>STEVEN ALEXANDER,<br><br>    Defendant and Appellant. | C099293<br><br>(Super. Ct. Nos. 111041,<br>111143) |

Defendant Steven Alexander appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appointed counsel filed a brief seeking our independent review under *People v. Delgadillo* (2022) 14 Cal.5th 216.  Separately, Alexander filed a supplemental brief in which he appears to challenge the trial court's

---

[1]    Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  Although Alexander's petition was filed in November 2022, it cites former section 1170.95.  We will cite to the current section 1172.6.

1

conclusions regarding his mental state as well as the imposition of consecutive sentences on the underlying charges. We affirm.

BACKGROUND

An information filed in 1992 charged Alexander with kidnapping for purposes of robbery (§ 209, subd. (b)), kidnapping (§ 207, subd. (a)), robbery (§ 211), forcible sodomy (§ 286, subd. (c)), attempted murder with premeditation and deliberation (§§ 664/187), and being a felon in possession of a firearm (former § 12021, subd. (a), now § 29800, subd. (a)(1)). As to the first five counts, the information alleged that Alexander personally used a firearm (§§ 12022.3, subd. (a), 12022.5, subd. (a)), and inflicted great bodily injury (§§ 12022.7, 12022.8). The information additionally alleged that Alexander had a prior conviction within the meaning of the Three Strikes Law, which qualified as a prior serious felony (§ 667, subd. (a)), and that he had served a prior term in prison (§ 667.5, subd. (a)).

The facts of the underlying offense are set forth in the appellate opinion from Alexander's prior appeal. (See *People v. Alexander* (Aug. 19, 1993, C014151) [nonpub. opn.].)[2] Alexander accosted the victim with a gun while she was depositing money at an ATM. (*Ibid.*) He told her to get her money and walk to her car. (*Ibid.*) Once in the car, he directed her to drive to an isolated area, threatening to shoot her if she drew attention and warning her not to look at his face. (*Ibid.*)

Alexander obtained the victim's ATM card and PIN number and took her jewelry while they were driving. (*People v. Alexander*, *supra*, C014151.) At a secluded location, he told her to take off her clothes, and he sodomized her. (*Ibid.*) He shot her three times in the head, but she survived and was able to summon help. (*Ibid.*) Police apprehended Alexander when he tried to use the victim's ATM card. (*Ibid.*)

---

[2] We cite our prior appellate opinion only to summarize the background of this case. We do not rely on the facts set forth in that opinion to resolve the issues raised in this appeal.

The jury convicted Alexander on all counts.  With respect to the attempted murder count, the jury found true the allegations that he used a gun and inflicted great bodily injury on the victim.  (§§ 12022.5, subd. (a), 12022.7.)

The trial court sentenced Alexander to a determinate term of 30 years 4 months and consecutive terms of life with the possibility of parole for the kidnapping to commit robbery and attempted murder convictions.  At the same hearing, the court sentenced him on a robbery conviction in a separate criminal case.

On appeal, this court reversed Alexander's conviction for simple kidnapping because it was included in the conviction for kidnapping for the purpose of robbery. (*People v. Alexander*, *supra*, C014151.)  We affirmed in all other respects.  (*Ibid.*)

In November 2022, Alexander filed a petition under section 1172.6 asking the trial court to vacate his attempted murder conviction and resentence him.  Following the appointment of counsel, the receipt of briefing containing this court's prior opinion, the jury instructions, and verdicts, and a hearing, the trial court denied the petition at the prima facie stage.  The court found Alexander "was the direct killer and acted with an intent to kill.  [He] was the only defendant charged and sentenced with the personal use of a firearm enhancement.  The jury did not receive an instruction on the natural and probable consequences doctrine, felony murder, or any other instruction that would impute malice solely based on participation.  Therefore, the record shows that [Alexander] was the sole participant in the crime and the actual attempted killer."

Alexander timely appealed.  His appointed counsel filed a brief under *People v. Delgadillo*, *supra*, 14 Cal.5th 216.  Alexander filed a supplemental brief.

## DISCUSSION

Under *People v. Delgadillo*, *supra*, 14 Cal.5th at pages 231-232, when appointed counsel finds no arguable error and the defendant subsequently files a supplemental brief, an appellate court must evaluate the specific arguments presented in that brief and issue a

written opinion. We have reviewed the arguments in Alexander's supplemental brief and see no grounds for reversal.

Alexander first appears to argue that he lacked the mental state required for attempted murder. We construe this as a challenge to the trial court's conclusion that he is ineligible for resentencing under section 1172.6. We conclude that Alexander failed to state a prima facie case for relief.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) "narrowed or eliminated certain forms of accomplice liability for murder," including "the use of the natural and probable consequences doctrine to obtain a murder conviction." (*People v. Curiel* (2023) 15 Cal.5th 433, 440.) The enactment amended " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

In Senate Bill No. 775 (2021-2022 Reg. Sess.), the Legislature expanded the scope of Senate Bill No. 1437 to include defendants convicted of attempted murder. (Stats. 2021, ch. 551, § 2.) Thus, section 1172.6, subdivision (a) currently provides that "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition" for recall and resentencing if certain conditions are met. (Italics added.) The required conditions are: (1) the charging document allowed prosecutors to "proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) the petitioner was convicted of murder, manslaughter, or attempted murder or

4

accepted a plea in lieu of a trial in which the petitioner could have been convicted of murder or attempted murder; and (3) the petitioner could not now be convicted of murder or attempted murder under the current versions of sections 188 and 189. (§ 1172.6, subd. (a).)

A trial court's inquiry into whether a petitioner has stated a prima facie case is "limited." (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) The court takes the petitioner's " ' "factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Trial courts may examine the record of conviction to determine whether a petitioning defendant has established a prima facie entitlement to relief. (*Id.* at pp. 970-972.) If the jury instructions provided at trial foreclose the possibility, as a matter of law, that a defendant was convicted on a now-invalid theory of murder, the trial court may deny the petition at the prima facie stage. (*People v. Curiel*, *supra*, 15 Cal.5th at p. 470.) But a trial court may "not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 972.) As our state high court has explained, the " 'prima facie bar was intentionally and correctly set very low.' " (*Ibid.*) We review de novo a trial court's decision to deny a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

In this case, the jury instructions conclusively negate the possibility that Alexander was convicted on a now-invalid theory. The jury was not given a natural and probable consequences instruction; and section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Moreover, the jury was instructed that, to convict Alexander, the People had to prove that a "direct but ineffectual act was done by one person towards killing another human being" and that the person "committing such act harbored express malice aforethought, namely, a specific intent to kill unlawfully another

5

human being." The instructions and the jury's conviction thus establish that Alexander is ineligible for relief as a matter of law.

The second point raised by Alexander's supplemental brief appears to question the imposition of consecutive sentences for his kidnapping to commit robbery and attempted murder convictions. This argument is not cognizable under section 1172.6. Section 1172.6 extends the benefit of the Legislature's revisions to state murder law to previously sentenced defendants, but it does not permit defendants to seek relief on other claims of trial error. (§ 1172.6, subd. (a); *People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

## DISPOSITION

The trial court's order denying Alexander's petition for resentencing under section 1172.6 is affirmed.

 /s/
FEINBERG, J.

We concur:

 /s/
EARL, P. J.

 /s/
ROBIE J.

6